## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Lundy

v.

Lundy

August 17, 1982

Case No. (Chancery) 80-2291

By JUDGE AUSTIN E. OWEN

On June 25, 1982, this matter came to be argued on the Exceptions filed to the Report of the Commissioner in Chancery. At the conclusion of the arguments of counsel, the court indicated that it would overrule the Exceptions filed.

Thereafter, Mr. Sacks forwarded a letter to the court under date of June 30, 1982, with legal memorandum attached. By letter of June 28, 1982, the court invited Mrs. Donahue to file a memorandum in response, and by letter of July 12, 1982, Mr. McBride of the same firm did respond.

Upon consideration, the court is of the opinion that the Commissioner erred in reporting that "to bar Mrs. Lundy from the right to spousal support, the evidence to prove fault must be corroborated."

Section 20-99 of the Code of Virginia of 1950, as amended, does provide that a divorce shall not be granted "on the uncorroborated testimony of the parties or either of them." It is noteworthy, however, that nothing in this section provides that the testimony of a party should not be accepted as *proof* of a ground for divorce, but, rather, provides that such manner of proof must be corroborated.

Section 20-91(9)(c) of the Code of Virginia of 1950, as amended, provides that "[a] decree of divorce granted pursuant to this subsection (9) shall in no way lessen any obligation any party may otherwise have to support

the spouse unless such party shall *prove* that there exists in the favor of such party some other ground of divorce under this section or § 20-95." Nothing in this statute requires any corroboration in the event such proof consists of the testimony of a party.

In *Martin v. Martin,* 202 Va. 769, 774 (1961), the Court emphasized that "the main object of the provision of the statute requiring corroboration is to prevent collusion. Where it is apparent that there is no collusion, the corroboration needs to be only slight."

In a so-called "no fault" divorce such as here, where one party seeks spousal support and other party seeks to bar the same by proof of some other ground of divorce, quite obviously there will never be collusion. It follows that with respect to Code Section 20-99, neither the letter nor the spirit of the statute requires corroboration of the proof of a ground of divorce offered as a bar to spousal support.

The court does, therefore, sustain the Exception filed to that part of the Commissioner's Report recommending that the husband be required to pay spousal support to the wife because of the Commissioner's application of an incorrect principle of law.

It cannot be determined from the Report of the Commissioner whether, absent the application of that incorrect principle of law, he found the husband's testimony of the wife's alleged threat to his life with a gun, etc., credible and sufficient to prove a ground for divorce other than the ground of continuous separation for the statutory period. The commissioner having since been elected to and having assumed the office of a Judge of the General District Court, this matter will need be referred to another Commissioner of this Court for the purpose of taking evidence and reporting to the Court on the sole issue of the *right* to spousal support.